**THE PEOPLE, Plaintiff**

v.

**O. C. GRANADY, Defendant**

May Term, 1923

No. 35

District Court of the Virgin Islands

Christiansted Sub-Judicial District
Saint Croix

May 25, 1923

McKEAN, *Judge*

In this case defendant filed a paper, copy of which is, as follows:

THE PEOPLE,       )
         Plaintiff;  ) Affidavit to support Motion
     - vs. -       ) for  Order  for  commission
O. C. GRANADY,   ) for  Deposition  and  for  a
       Defendant.  ) Continuance.

O. C. Granady, being first duly sworn according to law, upon his oath says:

1. That he is the Defendant in the above-entitled action.

2. That Alexander Naughton is a very material witness for the said Defendant in the trial of said action, whose testimony is necessary and material to affiant in the defense of said action.

3. That the said Defendant cannot safely proceed to a trial of said action without the testimony of the said Alexander Naughton, as has already been shown by the pleadings in this action.

4. That this motion is not made for delay, and that the said Alexander Naughton left this jurisdiction at a time when there was no one then on this Island to issue an order to take deposition.

WHEREFORE, your affiant, the said Defendant, requests that a commission issue to take the testimony of the said Alexander Naughton.

(Sgd) O. C. GRANADY

SUBSCRIBED and SWORN to before me this 16th day of May, A.D. 1923.

(Sgd) J. F. HENRY,
Clerk, District Court.

Said paper was filed May 16, 1923, which is the first day of the May Term. The chronology of the case is interesting:

It appears from the record that the defendant was arraigned in the Police Court, Christiansted Jurisdiction, March 19, 1923, and was convicted of criminal trespass at an adjourned hearing on March 21, 1923. He gave oral notice of appeal on March 21, 1923, but filed written notice of appeal on April 18, 1923, and bond on April 20, 1923. Notice of the opening of the May Term was published by the clerk of the District Court on April 16, 1923.

It is hornbook law that to entitle a party to postponement of a trial the court must be satisfied that the party applying has been guilty of no laches nor neglect. The allegation that the said Alexander Naughton left this jurisdiction at a time when there was no one on this Island authorized to issue an order to take depositions is incorrect. The clerk of the District Court was in St. Croix at the time of defendant's arraignment on March 19, 1923, and has been in the Island ever since.

Said clerk had full power to issue a commission, if properly applied for. (See Code [1921], Title 3 [III], chapter 59, sec. 2 [5 V.I.C. § 1 note]).

To paraphrase the language of the court in the case of Hyde v. State, 67 Am. Dec. 630 and 635, in criminal cases defendants, from the time of their arraignment, may and ought to be preparing for the defense. The place where they are to be tried is, in most cases, well known, and they have likewise a reasonable certainty of the time in which their cases may come up for trial. If the defendant has had no time or opportunity to prepare for his defense, this will be a good ground for postponement. It must be admitted that no crime is so great, no proceeding so instantaneous, but that upon sufficient ground the trial may be put off; but three things are necessary:

1. That the witness is really material, and appears to the court so to be.
2. That the party who appears has been guilty of no neglect.
3. That the witness can be had at the time to which the trial is deferred.

It is not necessary, under the circumstances of this case, to decide whether or not depositions would be admissible in evidence in this case. Nor does it appear that proper diligence has been used to obtain a commission within the spirit of section 5, chapter 59, Title 3(III), of the Code (1921; 5 V.I.C. § 1 note).

The Alaska case, United States v. Homer Bird, 1 Alaska 379, cited in defendant's brief, was one in which the defendant was charged with homicide; the affidavit for a continuance contained a specific statement of the facts which the defendant undertook to establish by absent witnesses. Furthermore, it was not a case where a commission to take depositions had been applied for, but one

where counsel for defendant had delayed to call the attention of the clerk of the Court to the fact that certain subpoenas had not been issued.

Continuance of the case has been refused.